I dissent in part from the decision reached by the majority because I believe on this record appellant was entitled to a full name-clearing hearing. Trustees Lehmiller and Decker voted not to re-hire appellant because he allegedly permitted SCD to operate illegally and because he neglected his duties as zoning inspector. The trustees refused appellant's requested name-clearing hearing because they were informed, incorrectly, that appellant's request was untimely. The trustees acknowledged that if appellant's request had been timely, they would have afforded him the hearing.
The trial court and the majority find the statements were true. In his deposition, appellant testified the publicity surrounding SCD and the illegality of its operations gave rise to speculation and innuendo regarding appellant's role in the situation , which damaged his personal reputation in the community, even if, as the majority points out, it did not damage him in the eyes of the persons with whom he consulted. I believe this is sufficient to permit appellant an opportunity for a name-clearing hearing to put to rest the speculation and innuendo occasioned by the trustees' action.
I concur in the balance of the majority's findings.